**Edwin P. KRIEGESMANN, Appellant,**

v.

**BARRY–WEHMILLER COMPANY, Appellee.**

No. 84–1215.

United States Court of Appeals, Eighth Circuit.

Submitted June 20, 1984.

Decided July 19, 1984.

Francis L. Ruppert, Clayton, Mo., for appellant.

Dennis G. Collins, Gerald M. Richardson, St. Louis, Mo., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Edwin P. Kriegesmann appeals from the district court's [1] grant of summary judgment and dismissal of his age discrimination action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, against the Barry-Wehmiller Company (the employer). For reversal appellant argues that the district court erred in holding that his action was untimely because the employer's actions did not equitably toll the time for filing a charge with the Equal Employment Opportunity Commission (EEOC). For the reasons discussed below, we affirm.

Appellant began working for the employer in 1961 and was eventually promoted to the position of tooling superintendent for the employer's manufacturing facility. On January 22, 1982, appellant's supervisor notified him that his job was terminated effective immediately. He was told to clean

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

out his desk and leave that day. The Personnel Director met with appellant one week later to discuss severance pay. Appellant was eligible for twenty-one weeks of termination pay and four weeks of accrued vacation pay, which he could elect to receive in a lump-sum or over a twenty-five week period. If appellant chose to receive the payments in weekly installments, his health and insurance benefits would continue for as long as he received payments. These benefits would terminate immediately if he received a lump-sum payment. Appellant chose to receive the payments in weekly installments. The Personnel Director later offered to assist appellant in finding other employment and recommended the name of at least one other company where he could apply. Appellant received severance and vacation pay through July 30, 1982. On October 21, 1982, he filed his age discrimination charge with EEOC, 272 days after his termination on January 22, 1982. Appellant claimed that he was fired solely on the basis of his age and younger employees were promoted to take his place.

After unsuccessful attempts to conciliate appellant's EEOC charge, he filed the present action in federal district court. The employer moved for summary judgment on the ground that appellant's action was untimely because he had not filed a charge of unlawful discrimination with the EEOC within 180 days of the alleged unlawful termination, as required by 29 U.S.C. § 626(d).[2] Appellant responded that the time for filing the EEOC charge did not begin to run until the severance benefits ended because the employer's actions constituted a continuing violation. Moreover, appellant argues that the employer's actions justified equitable tolling of the 180-day limitations period. In support of this

contention, appellant stated that the employer would have cut off his severance benefits in retaliation if he had filed an age discrimination charge with the EEOC; the employer had misrepresented the reasons for discharging appellant; the employer promised him future employment; and the employer was not prejudiced by the delay in filing. The district court rejected these arguments and granted the employer's motion for summary judgment.

■ The appellant maintains that the district court erred as a matter of law in granting summary judgment. First, appellant alleges that the employer's failure to post a notice of his rights under the ADEA violated 29 U.S.C. § 627 and justified equitable tolling of the 180-day filing period. Appellant did not present this theory to the trial court, and we will not consider it for the first time on appeal. *See* 10 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 2716 at 650–54 (1983).

■ Second, appellant claims that by extending the severance benefits over a twenty-five week period and offering to help him find other employment, the employer lulled him into sleeping on his rights. As indicated, appellant argues that if he had filed a discrimination charge with EEOC, the employer may have retaliated by cutting his severance benefits or sabotaging his efforts to find a new job. Appellant denominates these actions "constructive misrepresentation." We agree with the Fourth Circuit that, as a matter of law,

the attempt to mitigate the harshness of a decision terminating an employee, without more, cannot give rise to an equitable estoppel. The statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to

---

**2.** 29 U.S.C. § 626(d) provides in pertinent part:
No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Commission. Such a charge shall be filed—
(1) within 180 days after the alleged unlawful
practice occurred;

. . . .
Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

file in timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.

*Price v. Litton Business Systems, Inc.,* 694 F.2d 963, 965 (4th Cir.1982) (footnote and citation omitted). The employer's actions asserted in the present case—the provision of severance benefits and job referrals—were not likely to mislead appellant into sleeping on his rights. The undisputed facts reveal no deliberate conduct on the part of the employer to lull appellant into delaying the filing of his ADEA charge.

Finally, appellant argues that the late filing of his charge would not prejudice the employer. The ADEA's 180-day filing requirement is in the nature of a statute of limitations and subject to equitable tolling. *See Hrzenak v. White-Westinghouse Appliance Co.,* 682 F.2d 714, 717 n. 6 (8th Cir.1982). The absence of prejudice to an opponent does not support invocation of the doctrine of equitable tolling. Equitable tolling arises upon some positive misconduct by the party against whom it is asserted. As discussed above, the undisputed facts reveal no such misconduct by the employer. Because the undisputed facts disclosed on the record reveal that as a matter of law equitable estoppel could not apply, summary judgment for the employer was appropriate.

Accordingly, the judgment of the district court is affirmed.