Joel T. McCLINTON, Plaintiff-Appellant,

v.

ALABAMA BY–PRODUCTS CORPORATION and Ralph Stuckey,
Defendants-Appellees.

No. 83–7536.

United States Court of Appeals,
Eleventh Circuit.

Oct. 11, 1984.

**1484**

James C. King, Jasper, Ala., for plaintiff-appellant.

William F. Gardner, Birmingham, Ala., for defendants-appellees.

Before HILL and HENDERSON, Circuit Judges, and WISDOM*, Senior Circuit Judge.

JAMES C. HILL, Circuit Judge:

Plaintiff-Appellant Joel McClinton appeals from an order dismissing his complaint under the Age Discrimination in Employment Act (ADEA) for failure to file his charge with the Equal Employment Opportunity Commission (EEOC) within 180 days

*Honorable John Minor Wisdom, U.S. Circuit Judge for the Fifth Circuit, sitting by designa-

of the alleged unlawful practice. We affirm the grant of summary judgment, finding that the 180-day limitation was not tolled under the facts of this case.

On January 31, 1981, McClinton, a 55-year old coal miner, was terminated from his job with defendant/appellee Alabama-By-Products Corporation. According to his affidavit, plaintiff believed that he had been unjustly terminated due to his age and health, particularly upon discovering that he had been replaced by a 27-year old male. Plaintiff's friends told him that he might have a "discrimination or labor relations suit." Within thirty days of his termination, plaintiff thus visited the Labor Department office in Birmingham, Alabama, and was allegedly told that he needed to contact the Labor Relations Board (LRB). Upon telephoning the LRB, he was told that they could not help him because he did not belong to a union. Another attempt at contacting the Labor Department was also unsuccessful. Following that, plaintiff made no other efforts to file an age discrimination claim until he contacted an attorney nearly a year later, after an unsuccessful search for a new job.

On January 12, 1982, McClinton filed an age discrimination charge with the EEOC. On March 19, 1982, after the EEOC refused to act on the charge because he had failed to comply with the ADEA requirement that charges be filed within 180 days of the alleged discrimination, plaintiff commenced the present action under the ADEA. The district court held that the equities in the case did not justify a tolling of the 180-day notification requirement, and granted summary judgment to the defendants. *McClinton v. Alabama By-Products Corp.*, 574 F.Supp. 43 (N.D.Ala. 1983). Plaintiff appealed.

■ Section 7(d)(1) of the ADEA, 29 U.S.C. § 626(d)(1), limits the period in which an aggrieved employee may initiate an action under the ADEA. It provides, in part:

tion.

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]. Such a charge shall be filed

(1) within 180 days after the alleged unlawful practice occurred.

This 180-day notification requirement is a prerequisite to an action based on the ADEA, *Templeton v. Western Union Telegraph Co.*, 607 F.2d 89, 91 (5th Cir.1979), and is intended to promote the speedy, informal, non-judicial resolution of discrimination claims, and to preserve evidence and records relating to the alleged discriminatory action. *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195, 1198–99 (5th Cir.1975).

■ It is now established that this notification requirement is not a jurisdictional prerequisite that deprives a court of subject matter jurisdiction, but a requirement more in the nature of a statute of limitations that is subject to equitable tolling. *Coke v. General Adjustment Bureau*, 640 F.2d 584, 595 (5th Cir.1981) (en banc). Whether to toll this statutory period is determined on a case-by-case basis, depending on the equities of the situation.

■ In this case, appellant asserts that equitable tolling is appropriate in light of Alabama-By-Products' failure to post conspicuous notice of ADEA rights (as required by 29 U.S.C. § 627 [1]), which deprived him of the opportunity to discover his specific rights under the ADEA. The appellee replies that tolling is not necessary, in that appellant was well aware of his right not to be discriminated against but neglected to contact an attorney or otherwise act on those rights.

*Templeton v. Western Union Telegraph Co.*, 607 F.2d 89 (5th Cir.1979), presented a set of facts very similar to our present situation. There, the plaintiff alleging age discrimination admitted

that he had seen the 1968 poster prepared by the Secretary of Labor notifying employees of the existence of the ADEA, that he was aware of his right not to be discriminated against in employment on the basis of his age, and that he believed that he was a victim of age discrimination when he retired.

*Id.* at 91. Plaintiff argued that he was unaware of the 180-day notification period, and that this period should be tolled because the employer had failed to exhibit the most current government-approved poster, which indicated that the period of time available for filing an ADEA claim was limited, and emphasized the necessity of prompt action.[2] The court dismissed the action, stating that:

While an employer's failure to notify its employees of their ADEA rights as required by 29 U.S.C. § 627 and 29 C.F.R. § 850.10 might justify the equitable tolling of the limitations period of section 626(d) until the employee acquires actual knowledge or the means of knowledge of his ADEA rights, an employee *who is aware of his ADEA rights* yet does not notify the Department of Labor of his intent to sue within the prescribed period of time is barred from asserting a cause of action under the ADEA.

*Id.* (emphasis added).

The present case differs from *Templeton* in that Alabama-By-Products never posted *any* notice of ADEA rights. Thus, although McClinton had general knowledge of his rights not to be discriminated against on the basis of age, he may not have

---

1. This section provides that:
   Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the [EEOC] setting forth information as the [EEOC] deems appropriate to effectuate the purposes of [the ADEA].
   29 U.S.C. § 627. A copy of the poster currently prepared and approved by the EEOC is attached

as an appendix to this case. This same poster was in use when McClinton was discharged.

2. We note that the currently approved poster does not make any reference to the 180-day filing requirement, although it does state that an aggrieved employee should "immediately contact" the EEOC. *See* Appendix to this case.

known of the existence of the ADEA and his specific rights under that statute. We are faced with the question of whether this slim factual distinction should lead to a different result.[3]

We determine that it should not. Therefore, we hold that an employer's failure to post the requisite notice will equitably toll the 180-day notification period, but only until the employee acquires *general* knowledge of his right not to be discriminated against on account of age, or the means of obtaining such knowledge.[4] We do not think it necessary to toll the notification period up to the time that the employee obtains knowledge of his *specific* rights under the ADEA and/or the existence of the 180-day filing period. Once an employee suspects that he may have been discriminated against on account of age and is also generally aware of his legal right to obtain redress for that wrong, he possesses sufficient knowledge to enable him to vindicate his rights, if he so desires. When an employee is generally aware of his rights, ignorance of specific legal rights or failure to seek legal advice should not toll the 180-day notification period. *Cf. Quina v. Owens Corning Fiberglas Corp.*, 575 F.2d 1115, 1118 (5th Cir.1978). (Ignorance of rights or failure to seek legal advice does not toll a statute of limitations.) A contrary result would permit an aggrieved employee aware of his general rights to sit on those rights until he leisurely decided to take action.[5] This would be inconsistent with and undermine the underlying ADEA policy of encouraging speedy, non-judicial resolutions to age discrimination employment disputes.

■ However, we also stress the importance of the employer's compliance with the § 627 posting requirement. If notice is properly posted and the employee does not see it or sees it but is still not aware of his rights, there will normally be no tolling of the filing period.[6] *See Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 193 n. 7 (3d Cir.), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). If the poster be not posted, the employer will bear the burden of proving that the employee was generally aware of his rights.

In the present case, that burden has been met. McClinton's own affidavit states that he believed that he had been the victim of age discrimination, and that he was aware of the possibility of a "discrimination or labor relations suit." His unsuccessful contacts with two government agencies are further evidence that he was generally aware of his rights. Here, appellant's knowledge was at least sufficient to send a reasonable person, once he was not satisfied with the agency responses, to an attor-

---

**3.** Appellant cites several cases from other circuits which hold that an employer's failure to post the requisite notice equitably tolls the 180-day notification period until the employee either retains an attorney or acquires actual knowledge of his rights. *See Vance v. Whirlpool Corp.*, 716 F.2d 1010 (4th Cir.1983); *Kephart v. Institute of Gas Technology*, 581 F.2d 1287 (7th Cir.1978); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir.), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). However, none of these cases addressed the further question that we are faced with here: how specific must an employee's knowledge of his rights be in order to prevent the tolling of the period?

**4.** The normal "means of obtaining such knowledge" will probably be consultation with an attorney; but this could refer to other acts, such as the viewing of the ADEA poster somewhere outside of the place of employment.

**5.** Although the failure of the employer to display the poster may toll the 180-day notification

period, it will *not* normally toll the two-year statute of limitations for bringing the action in court, which continues to run from the date of the alleged wrongful act. *Kazanzas v. Walt Disney World Co.*, 704 F.2d 1527 (11th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 425, 78 L.Ed.2d 360 (1983). Thus, even if the notification period is tolled, an employee will usually be absolutely barred from filing suit after two years.

**6.** Given that the current EEOC-approved poster refers (in small print which is riddled with bureaucratic language) to several different types of discrimination within several types of employment relationships, there is some question whether the average employee would comprehend his rights even upon a viewing of the poster. However, it would be unfair to the employer to toll the filing period if he has performed his statutory legal duty by properly posting notice.

ney. Instead, appellant sat on his rights and neglected to follow through with his claim. The equities do not favor tolling of the 180-day limitation period in this situa- tion. Therefore, the judgment of the district court is

AFFIRMED.

# Equal Employment Opportunity is... THE LAW

### Private Employment, State and Local Government, Educational Institutions

**Race, Color, Religion, Sex, National Origin**

Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination in hiring, promotion, discharge, pay, fringe benefits, and other aspects of employment, on the basis of race, color, religion, sex or national origin.

Applicants to and employees of most private employers, State and local governments and public or private educational institutions are protected. Employment agencies, labor unions and apprenticeship programs also are covered.

**Age**

The Age Discrimination in Employment Act of 1967, as amended, prohibits age discrimination and protects applicants and employees aged 40-70 from discrimination in hiring, promotion, discharge, pay, fringe benefits and other aspects of employment. The law covers most private employers, State and local governments, educational institutions, employment agencies and labor organizations.

**Sex (wages)**

In addition to the sex discrimination prohibited by Title VII of the Civil Rights Act (see above) The Equal Pay Act of 1963, as amended, prohibits sex discrimination in payment of wages to women and men performing substantially equal work in the same establishment. The law covers most private employers, State and local governments and educational institutions. Labor organizations cannot cause employers to violate the law. Many employers not covered by Title VII, because of size, are covered by the Equal Pay Act.

If you believe that you have been discriminated against under any of the above laws, you should immediately contact:

**The U.S. Equal Employment Opportunity Commission** 2401 "E" Street, N.W. Washington, D.C. 20507 or an EEOC District Office, listed in most telephone directories under U.S. Government.

### Employers holding Federal contracts or subcontracts

**Race, Color, Religion, Sex, National Origin**

Executive Order 11246, as amended, prohibits job discrimination on the basis of race, color, religion, sex or national origin, and requires affirmative action to ensure equality of opportunity in all aspects of employment.

**Handicap**

Section 503 of the Rehabilitation Act of 1973, as amended, prohibits job discrimination because of handicap and requires affirmative action to employ and advance in employment qualified handicapped individuals who, with reasonable accommodation, can perform the functions of a job.

**Vietnam Era and Disabled Veterans**

Section 402 of the Vietnam Era Veterans Readjustment Assistance Act of 1974 prohibits job discrimination and requires affirmative action to employ and advance in employment qualified Vietnam era veterans and qualified disabled veterans.

Applicants to and employees of companies with a Federal government contract or subcontract are protected under the authorities above. Any person who believes a contractor has violated its nondiscrimination or affirmative action obligations under Executive Order 11246, as amended, Section 503 of the Rehabilitation Act or Section 402 of the Vietnam Era Veterans Readjustment Assistance Act should contact immediately

**The Office of Federal Contract Compliance Programs (OFCCP)** Employment Standards Administration U.S. Department of Labor 200 Constitution Avenue, N.W Washington, D.C. 20210 or an OFCCP regional or area office, listed in most telephone directories under U.S Government, Department of Labor.

### Programs or activities receiving Federal financial assistance

**Handicap**

Section 504 of the Rehabilitation Act of 1973, as amended, prohibits employment discrimination on the basis of handicap in any program or activity which receives Federal financial assistance. Discrimination is prohibited in all aspects of employment against handicapped persons who, with reasonable accommodation, can perform the essential functions of a job.

**Race, Color, National Origin**

In addition to the protection of Title VII of the Civil Rights Act of 1964, Title VI of the Civil Rights Act prohibits discrimination on the basis of race, color or national origin in programs or activities receiving Federal financial assistance. Employment discrimination is covered by Title VI if the primary objective of the financial assistance is provision of employment, or where employment discrimination causes or may cause discrimination in providing services under such programs.

If you believe you have been discriminated against in a program which receives Federal assistance, you should immediately contact the Federal agency providing such assistance.

# Don't Forget... Equal Employment Opportunity is the Law!