**Wanda Rose DeBRUNNER, Appellant,**

v.

**MIDWAY EQUIPMENT CO., Appellee.**

No. 86–1436.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1986.

Decided Oct. 22, 1986.

Steven R. Ohmer, St. Louis, Mo., for appellant.

James W. Erwin, St. Louis, Mo., for appellee.

Before ROSS, WOLLMAN and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

Wanda Rose DeBrunner appeals from a summary judgment of the district court[1] dismissing her Age Discrimination in Employment Act (ADEA) claim against Midway Equipment Company (Midway) as time barred. She asserts that she was unaware of the requirement of filing a charge with the Equal Employment Opportunity Commission (EEOC) within 180 days. The sole issue is whether Midway's failure to post a required equal employment opportunity notice justifies equitable tolling of the 180–day filing period, despite DeBrunner's general knowledge of her rights under the ADEA. We affirm the judgment of the district court.

## I. BACKGROUND.

DeBrunner began working for Midway in 1967 as a billing clerk in its parts department. In the late 1970's Midway began installation of a computerized billing system for its parts department. DeBrunner claims that Midway did not train her on the computer system because she was too old, and discharged her on June 10, 1982, because of her age (62 years).

It is undisputed that Midway failed to post notice concerning equal employment rights as required by 29 U.S.C. § 627.[2] However, prior to her discharge, on March 24, 1982, DeBrunner went to the offices of the EEOC to complain about Midway's failure to train her on the computer system. At that time she completed an intake questionnaire and consulted with an EEOC attorney, but did not file a charge.[3]

On February 11, 1983, 246 days after her termination, DeBrunner returned to the EEOC and filed a formal charge against Midway, alleging violation of the ADEA in her discharge. The EEOC's conciliation efforts failed and, on July 28, 1983, it issued a determination that it would not proceed further with DeBrunner's charge. DeBrunner filed this suit on May 23, 1984. On March 10, 1986, the district court granted Midway's motion for summary judgment, holding the equities did not justify tolling the 180–day filing requirement.[4]

## II. DISCUSSION.

DeBrunner argues the district court erred as a matter of law in refusing to excuse her failure to meet the 180–day filing deadline under the doctrine of equitable tolling. She concedes she learned of her right to file an age discrimination suit prior to the termination of her employment, when she completed an intake questionnaire and consulted with an EEOC attorney in March 1982. However, she argues Midway's failure to post notice of employee rights as required by the ADEA and her lack of specific knowledge (as op-

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

2. 29 U.S.C. § 627 provides in pertinent part:
   Every employer * * * shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the [EEOC] setting forth information as the [EEOC] deems appropriate to effectuate the purposes of [the ADEA].

3. In support of its motion for summary judgment, Midway cited DeBrunner's deposition testimony that she initially "backed out" of filing a charge after her consultation with the EEOC attorney. DeBrunner does not dispute this.

4. 29 U.S.C. § 626(d) provides in pertinent part:
   No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Commission. Such a charge shall be filed—
       (1) within 180 days after the alleged unlawful practice occurred;
       *     *     *     *     *     *
   Upon receiving such a charge, the Secretary shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

posed to general knowledge) of filing procedures justified tolling the 180–day period.

■ The ADEA's 180–day filing requirement is in the nature of a statute of limitations and may be subject to equitable tolling. *See Kriegesmann v. Barry-Wehmiller Co.*, 739 F.2d 357, 359 (8th Cir.1984), *citing Hrzenak v. White-Westinghouse Appliance Co.*, 682 F.2d 714, 717 n. 6 (8th Cir.1982). Equitable tolling arises upon some positive misconduct by the party against whom it is asserted. *Id.*

■ This court has never decided the question of whether an employer's failure to post the required ADEA notice may justify equitable tolling, but there is law in other jurisdictions to this effect. *Compare Kriegesmann*, 739 F.2d at 359 (appellant failed to preserve issue for review). An employer's failure to post notice of ADEA rights as required by 29 U.S.C. § 627 may be grounds for tolling the 180–day period until the employee acquires "actual knowledge" of his rights or retains an attorney.[5] However, an employer's failure to post the requisite notice will not equitably toll the 180–day filing period once an employee acquires "general knowledge" of his or her right not to be discriminated against on account of age, or the means of obtaining such knowledge. *McClinton v. Alabama By-Products Corp.*, 743 F.2d 1483, 1486 (11th Cir.1984). Both the terms "actual" and "general" knowledge connote whether or not the employee knew of his or her right to bring suit. *See Vance*, 716 F.2d at 1013; *McClinton*, 743 F.2d at 1486. The employer bears the burden of proving that the employee was generally aware of his or her right if notice was not posted. *McClinton*, 743 F.2d at 1486. However, if the employer meets this burden, the employee's mere ignorance of the 180–day filing deadline does not justify equitable tolling, despite the employer's failure to post notice. *Id.*

■ DeBrunner does not argue, nor did she plead to the district court, that she lacked general knowledge of her ADEA rights. To the contrary, she concedes that prior to her discharge by Midway she was aware of her right to bring suit under the ADEA, having already consulted with an EEOC attorney. Midway met its burden of proving DeBrunner knew generally of her rights. We do not think it necessary to toll the 180–day filing period up to the time that the employee learns specifically of the deadline. We agree with the Eleventh Circuit's reasoning that:

> When an employee is generally aware of his rights, ignorance of specific legal rights or failure to seek legal advice should not toll the 180–day notification period. * * * A contrary result would permit an aggrieved employee aware of his general rights to sit on those rights until he leisurely decided to take action. [Footnote omitted]. This would be inconsistent with and undermine the underlying ADEA policy of encouraging speedy, non-judicial resolutions to age discrimination employment disputes.

*McClinton*, 743 F.2d at 1486.

Accordingly, we affirm the summary judgment of the district court.

5.  *See Vance v. Whirlpool Corp.*, 716 F.2d 1010, 1013 (4th Cir.1983); *Kephart v. Institute of Gas Technology*, 581 F.2d 1287, 1289 (7th Cir.1978); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 193 (3d Cir.1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). Although the failure of the employer to post notice may toll the 180–day filing period, it will not normally toll the two-year statute of limitations for bringing the action in court, which continues to run from the date of the alleged wrongful act. *Kazanzas v. Walt Disney World Co.*, 704 F.2d 1527, 1530 (11th Cir.1983), *cert. denied*, 464 U.S. 982, 104 S.Ct. 425, 78 L.Ed.2d 360 (1983).