**John H. ROBINSON, et al., Plaintiffs,**

**v.**

**CAULKINS INDIANTOWN CITRUS CO., et al., Defendants.**

**No. 83–8655–CIV.**

United States District Court,
S.D. Florida.

Nov. 15, 1988.

See also 685 F.Supp. 233.

Peter Helwig, Florida Rural Legal Service, Bartow, Fla., Miyoshi D. Smith, Florida Rural Legal Service, West Palm Beach, Fla., Jeffrey Pheterson, Schmidt & Pheterson, Boca Raton, Fla., John Scarola, Montgomery Searcy & Denney, West Palm Beach, Fla., Joseph Vasallo, Lake Worth, Fla., for plaintiffs.

Terence G. Connor, Mark E. Zelek, Morgan, Lewis & Brockius, Miami, Fla., for defendants.

## ORDER ON PENDING MOTIONS

HOEVELER, District Judge.

THIS CAUSE is before the court on several pending motions. The court, having considered the written submissions of counsel, and heard oral argument in the matter, decides the following:

1. Defendants' Motion to Compel and/or for Sanctions

This motion regards plaintiffs' failure to attend, or unilateral rescheduling of, depositions of the plaintiff class members. Upon further review of the matter, the court finds that the parties should continue the depositions as now scheduled, and thus the motion to compel is DENIED, as is the further motion for sanctions.

2. *Defendants' Motion to Amend Answer* is unopposed, and therefore will be GRANTED.

3. Defendants' Motions for Summary Judgment against Johnnie Mae Bush, Laura Riggins Rene–Fitzgerald, and Marie Williams

### BACKGROUND

Defendants have moved for summary judgment against three individual plaintiffs. The legal grounds for the motions are identical, and the factual bases similar. Therefore, the court will consider the three motions together, after outlining the individual factual bases.

The court finds that the following facts are undisputed:

#### a. *Johnnie Mae Bush*

Bush worked for Caulkins Land Development as a laborer in an orange grove from 1968–69. She then worked for Caulkins Indiantown Citrus Co. (the juice plant) in the mid–1970s (the exact date has not been established). Bush joined this lawsuit as a plaintiff on December 14, 1984, at the time of the filing of the Plaintiffs' Motion to File Second Amended Complaint. Bush never filed an EEOC charge. On January 31, 1986, Bush applied for any available position at the juice plant. She was not hired. Defendants admit that the 1986 application is not time barred.

#### b. *Laura Rene–Fitzgerald*

Rene–Fitzgerald worked for various companies in the Caulkins group in 1978–79. In 1984, she reapplied for a position driving tractors for Caulkins. She was not hired. She filed a charge with the EEOC on June 13, 1984 (approximately two weeks after she reapplied to work at Caulkins). She first joined this lawsuit in December, 1984.

### c. *Marie Williams*

Williams worked for Caulkins Indiantown Groves (CIG) in 1977. She has not worked for any of the defendants, nor reapplied for work for them, since that time. Williams did not file an EEOC charge. She first joined this lawsuit in December, 1984.

### DISCUSSION

Section 706(e) of Title VII, 42 U.S.C. § 2000e–5(e), governs the filing of timely charges of discrimination with the EEOC. Subsection (e) states that:

> A charge under this Section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a state or local agency with authority to grant or seek relief from such practice ... such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred....

"The effective filing of a timely charge with the EEOC is a prerequisite to the invocation of the administrative process within the EEOC, § 706(c), and to the maintenance of an action in the district court." *Dixon v. Westinghouse Electric Corp.*, 615 F.Supp. 538, 540 (D.C.Md.1985).

■ 42 U.S.C. § 1981 does not provide a limitations period. Therefore, federal courts apply the most appropriate or analogous state statute in the state in which the suit is filed. In December, 1984, when these plaintiffs first sought to file suit, federal courts applied a two year statute of limitations to civil rights suits based on employment discrimination filed in Florida. *See McGhee v. Ogburn*, 707 F.2d 1312 (11th Cir.1983) (applying Fla. Stat. § 95.11(4)(c)—limitations on actions to recover wages).

In 1987, the Supreme Court held that state statutes of limitations for personal injury should be applied to actions under § 1981. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). While the court finds it unlikely that the *Goodman* decision would be applied retroactively to the present case, leaving intact the two year limitation period, that issue does not affect the determination of the present motions, and is not decided here. The outcome of these motions is the same whether the court applies a two or four year statute of limitations.

Defendant argues that the statute of limitations for both Title VII and § 1981 have run on these three plaintiffs. Defendants state that none of the allegedly discriminatory practices occurred within the time periods allowed by the statutes of limitations, with the exception of the two refusals to hire, indicated *supra.*

Plaintiffs do not dispute the facts alleged in defendants' motions, but raise two points in opposition to summary judgment. First, that the defendants' actions amount to a "continuing violation" of the plaintiffs' civil rights, and continued until the time these plaintiffs' joined this lawsuit. *See generally United Airlines v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). Under plaintiffs' theory, the two plaintiffs who reapplied for positions within the limitations periods were denied those positions as a result of the continuing violations, and thus were directly affected by the continuing violation. In the case of Ms. Williams, who did not reapply, plaintiffs argue that the effect of filing a class action, which class was the victim of a continuing violation, and of which class Williams was a member, brings her indirectly within the continuing violations doctrine.

■ Second, plaintiffs argue that defendants failed to post EEOC notices describing employees' rights as required by Title VII, 42 U.S.C. § 2000e–10. The failure to post notices results in an equitable tolling of the statute of limitations until the employee learns of her statutory right to non-discrimination. *McClinton v. Alabama By–Products Corporation*, 743 F.2d 1483 (11th Cir.1984); *Vance v. Whirlpool Corporation*, 716 F.2d 1010, 1013 (4th Cir. 1983).

### CONTINUING VIOLATIONS

The cases discussing the continuing violations doctrine do so in the context of Title

VII actions, not § 1981. The court finds no reason why the doctrine would not apply equally to a § 1981 action, nor do the parties so argue. Thus, this court's decision with regard to the continuing violation doctrine will apply to plaintiffs' claims under both statutes.

■ A plaintiff cannot recover for past acts of discrimination which are time barred. Generally, past acts of discrimination are not time barred under Title VII if they are part of a continuing violation which continued to a time within the period for filing. *Berry v. Board of Sup'rs of L.S.U.*, 715 F.2d 971 (5th Cir.1983). To establish a continuing violation, the plaintiff must show a substantial nexus between the time-barred acts and the timely-asserted acts. *See Milton v. Weinberger*, 645 F.2d 1070, 1077 (D.C.Cir.1981). To determine whether such a nexus exists, court have looked to three factors which, while not exhaustive, are instructive: first, the subject matter of the discrimination; second, the frequency of the occurrences; and third, the degree of permanence of the violation (i.e., if the violation should trigger an employee's awareness of her rights under the statute). *Berry v. Board*, 715 F.2d at 981.

■ In Bush's case, the subject matter of the discrimination in 1968–69 was sexual assault and harassment by her white supervisor, which eventually forced her to quit. Regarding her mid–70s employment in the juice plant, Bush alleges disparate wages as a result of her race. As for the 1986 action, Bush alleges a wrongful refusal to hire on the basis of her race. These three allegedly discriminatory acts, while unfortunate, do not entail the same subject matter discrimination. Similarly, the first two alleged instances of discrimination were separated by approximately five years, and the second and third instances were separated by more than ten years. The court cannot conclude that these instances were sufficiently frequent to establish a continuing violation. Regarding the third, and probably most important factor, the court finds that the first two events as alleged were sufficiently permanent in their effect

to have placed Bush on notice that her civil rights had been violated. Thus, the court finds, all three factors militate against a finding that the three instances of discrimination complained of establish a continuing violation.

■ In Rene–Fitzgerald's case, the court reaches the same conclusion. The subject matter of the alleged discrimination against her in 1978–79 related to disparate terms, conditions and privileges of her employment as well as discriminatory termination on account of her race. The subject matter of her 1984 claim is a wrongful refusal to hire. Thus, the subject matter of the various instances of discrimination are different. Regarding the frequency of the discriminatory acts, approximately five years passed from the time of her alleged wrongful termination until the refusal to hire. Therefore, the court cannot conclude that the acts against her were of sufficient frequency to establish a continuing violation. Regarding the permanence of the violations, the court finds that the actions against her in 1978 and 1979 were sufficient to have put her on notice that her civil rights had been violated. Thus, the court finds, all three factors militate against a finding that the two instances of discrimination complained of establish a continuing violation.

The court notes that Rene–Fitzgerald does allege that one individual, Mr. Johns, was the same person who did both of the temporally separate acts of which she complains. She alleges a relationship between her prior treatment by Mr. Johns and his later wrongful refusal to hire her. *See* Deposition of Laura Rene–Fitzgerald, December 16, 1987, at 98–99 (stating that when J.L. Johns refused to hire her in 1984, "he knew who (she) was.") The court finds that this allegation of identity of the discriminator does not establish a sufficiently substantial nexus between the refusal to hire, in 1984 and the discriminatory acts of 1978–79 to show a continuing violation.

In Williams' case, she has alleged no further discriminatory acts against her since her allegedly discriminatory termi-

nation in 1977. Therefore, the court can find no continuing violation against her.

The plaintiffs argue in further support of their continuing violation theory that because the discrimination was wide-spread and continuous with regard to the class as a whole, those individuals who suffered past discrimination that would otherwise be time-barred can still seek recovery for the past violations since they were part of the overall continuous discrimination. In support of that position, the plaintiffs cite the EEOC's reasonable cause determination, which stated, *inter alia*, that

> [T]he evidence is overwhelming that racial animosity is pervasive, notorious, and extreme, and that it emanates from the highest official and managerial levels of the Respondent's organization.

Plaintiffs' argument reaches too far. If the court were to accept plaintiffs' argument, each time a class action were filed, there would be effectively no time limitation in civil rights suits, and defendants would have to defend against possibly isolated events as far back as 1965 (the date of enacting Title VII). As the Eleventh Circuit recently stated in a well-reasoned opinion, "The continuing violation doctrine does not exist to give a second chance to an employee who allowed a legitimate Title VII claim to lapse." *Roberts v. Gadsden Memorial Hospital*, 835 F.2d 793 (11th Cir. 1988). Therefore, the court finds that the plaintiffs Bush, Rene–Fitzgerald, and Williams have not established a continuing violation sufficient to allow them to raise their otherwise time-barred claims.

### FAILURE TO POST NOTICES

■ Plaintiffs argue further that defendants' failure to post a notice of EEOC rights, as required by 42 U.S.C. § 2000e–10, tolls the statute of limitations until the plaintiffs had actual notice of their rights against employment discrimination. In support of their position, plaintiffs cite passages from depositions stating that the deponent never saw an EEOC poster at Caulkins Groves. Deposition of Laura M. Rene–Fitzgerald, Dec. 16, 1987, at 66; Deposition of Marie Williams, Feb. 18, 1988, at 31–35, 39.

Defendants offer excerpts of depositions of two of the foremen, who are charged with discrimination against these women, that the notices were posted. Deposition of George Cooley, March 15, 1988, at 106–107; Deposition of John Lee Johns, Sr., March 8, 1988, at 51.

The Eleventh Circuit has stated that an employer's failure to post the requisite notice will equitably toll the 180–day filing period until the employee acquires general knowledge of her right not to be discriminated against. *McClinton v. Alabama By–Products Corp.*, 743 F.2d 1483, 1486 (11th Cir.1984).

On a motion for summary judgment, the movant must demonstrate, by way of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, that no genuine issue of material fact exists for trial, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant has made an initial showing, if the party opposing the motion would have the burden of proof at trial, the burden shifts to the party opposing to come forward with affidavits, depositions, or other admissible documentation to show what facts are actually in dispute. *Celotex*, 106 S.Ct. at 2548.

In the present case, the court finds that the defendants have demonstrated that no genuine issue exists as to the fact that the claims of these plaintiffs, except as previously indicated, were filed after the limitations period. These plaintiffs have come forward with deposition evidence that AK notices were not posted, which fact would toll the filing period until such time as they actually learned of their rights. *McClinton*, 743 F.2d at 1486. While defendants present a case which stands for the proposition that a plaintiff's statement that she never saw a poster does not establish, for purposes of tolling the filing period, that the notice was not actually posted, *Peffley v. Durakool, Inc.*, 669 F.Supp. 1453, 46 EPD paragraph 38,091 (N.D. Ind.1987), an examination of defendants' contrary depositions shows that there is at least a genu-

ine issue as to whether the notices were posted. Therefore, the defendants' motion for summary judgment must be denied, as regards Rene–Fitzgerald, on the basis of the existence of a genuine issue of material fact which would, if established, lead the court to toll the limitations period as regards the filing of her AK complaint.

This conclusion does not necessarily affect the two plaintiffs here who did not file AK charges, nor does it affect Rene–Fitzgerald's section 1981 claims, which are barred by that statutes' limitations period without regard to posting of the AK notice.

In conclusion, the court finds that defendants' motions for summary judgments against Johnnie Mae Bush, Laura Riggins Rene–Fitzgerald and Marie Williams must be GRANTED with regard to these plaintiffs' claims under 42 U.S.C. section 1981. Thus, the section 1981 claims of all three of these plaintiffs are dismissed. The defendants' motion for summary judgment against Laura Riggins Rene–Fitzgerald is DENIED with regard to her Title VII claim. As to Johnnie Mae Bush and Marie Williams, the court is disposed to grant the defendants' motions to dismiss the Title VII claims, but will reserve ruling on these plaintiffs' Title VII claims until the parties have had a chance for further argument.

4. Plaintiffs' motion for hearing and motion for relief from order setting cause for trial (July 12, 1988)

Pursuant to this court's *ore tenus* ruling on August 10, 1988, this motion is GRANTED.

5. Defendants' motion for protective order (July 27, 1988)

Defendants move for a protective order relieving them from designating for deposition a person with knowledge of an imputed sale of the defendant organizations. Based on this court's *ore tenus* instructions to the parties at the hearing on August 10, 1988, to negotiate a settlement of the matter which will protect all parties' interests, the court will DENY the motion.

CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that

1. Defendants' motion to amend the answer (Oct. 23, 1987) is GRANTED.

2. Defendants' motion for summary judgment as to Laura Riggins Rene–Fitzgerald is GRANTED in part and DENIED in part, as set forth *supra.*

3. Defendants' motion for summary judgment as to Johnnie Mae Bush is GRANTED as to the section 1981 claims, and ruling is reserved on the Title VII claims, as set forth *supra.*

4. Defendants' motion for summary judgment as to Marie Williams is GRANTED as to the section 1981 claims, and ruling is reserved on the Title VII claims, as set forth *supra.*

5. Plaintiffs' motion for hearing on pending motions and for relief from order setting cause for trial (July 12, 1988) is GRANTED. This case has been reset for trial by separate order.

DONE AND ORDERED.