Robert F. McBRAYER, Otis H. Dilbeck, Richard Paul Lindsey, Plaintiffs,

Floyd Ray Owens, Charles W. Elliott, William Haberland, Plaintiffs–Appellants,

v.

CITY OF MARIETTA, Defendant–Appellee.

No. 91–8491.

United States Court of Appeals, Eleventh Circuit.

Aug. 4, 1992.

Rehearing Denied Sept. 28, 1992.

Ronald F. Chalker, Falanga Barrow & Chalker, Atlanta, Ga., William Terrence Casey, Jr., Hicks Marsh Casey & Young, Marietta, Ga., plaintiffs-appellants.

Downey Cleveland Parker & Williams, Joseph C. Parker, J. Calhoun Harris, Jr., Marietta, Ga., for defendant-appellee.

Before KRAVITCH and DUBINA, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

The district court held that the statute of limitations barred the claims of several City of Marietta police officers who challenged the practice of mandatory retirement at age fifty-five, under the Age Discrimination in Employment Act of 1967 (ADEA) and the Age Discrimination Claims Assistance Act of 1988 (ADCAA). *See* 29 U.S.C. § 621 *et seq.* The court granted the City of Marietta's motions for directed verdict against plaintiffs Owens and Elliott and for judgment notwithstanding the verdict against Plaintiff Haberland after he received a substantial award of damages from a jury. The plaintiffs contend that the statute of limitations for filing their claims with the Equal Employment Opportunity Commission (EEOC) was equitably tolled because of improper notice informing police officers of their rights under the ADEA, and that the passage of the ADCAA revived their court claims for statute of limitations purposes. We affirm on the grounds that defendants gave plaintiffs sufficient notice of their age discrimination rights, so that their filing with the EEOC was untimely, and, this being the case, they failed to meet the requirement of the ADCAA that their EEOC filing be timely in order for that statute to extend the statute of limitations.

There are two statutes of limitation in age discrimination cases under the ADEA: *first,* a charge of discrimination must be filed with the EEOC "within 180 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d)(1). The filing with the EEOC is required before a suit may be brought. *Second,* the lawsuit must be brought within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years. 29 U.S.C. §§ 255, 626(e). Since the City's violation was not willful, the two-year limit applied in this case.

A review of the record shows that the plaintiffs did not make their filings with either the EEOC or the court within these time limits. The plaintiffs argue, however, that equitable considerations should result in the tolling of the 180–day filing period with the EEOC. This tolling would make their EEOC claims timely filed, and then the ADCAA would serve to revive their claims so they would not be barred by the two-year statute.

The equitable tolling contention is that the City failed to comply with the notice requirements of the ADEA. *See* 29 U.S.C. § 627 ("Every employer ... shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the [EEOC] setting forth information as the Commission deems ap-

propriate to effectuate the purposes of this chapter."). An employer's failure to post such notices will result in a tolling of the time period in which an employee may file a charge of discrimination until such time as the employee either retains an attorney or acquires general knowledge of rights under the ADEA. *Kazanzas v. Walt Disney World Co.*, 704 F.2d 1527, 1530 (11th Cir.), *cert. denied*, 464 U.S. 982, 104 S.Ct. 425, 78 L.Ed.2d 360 (1983). Stated another way, the 180–day filing period is equitably tolled "until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Cocke v. Merrill Lynch & Co.*, 817 F.2d 1559, 1561 (11th Cir.1987). If employees are generally aware of their rights, however, ignorance of specific legal rights or failure to seek legal advice should not toll the 180–day notification period. *McClinton v. Alabama By–Products Corp.*, 743 F.2d 1483, 1485–86 (11th Cir.1984). We have held that if notice is properly posted there normally will be no tolling of the filing period even if employees did not see it or saw it but were still unaware of their rights. *McClinton*, 743 F.2d at 1483. To toll the filing period when the employer has properly posted notice would be unfair to the employer. *Id.* at 1486 n. 6.

■ The record supports the decision that the notice was properly posted in this case. It was posted in a conspicuous place in the personnel director's office. The notice complied with the requirements of the ADEA. Each plaintiff at some point went to the personnel director's office. The record also reflects that each plaintiff knew of others who were required to retire at fifty-five, and each knew for a considerable time before their termination that they would be required to retire at age fifty-five. With respect to Elliott, the EEOC told him to file charges in March 1981 but he did not file a charge until November 1984.

This decision defeats the argument that the cause of action was revived by the ADCAA and thus filed within the two-year limitations period. The ADCAA was signed on April 7, 1988 to allow an aggrieved person until September 28, 1989 (540 days after the date of enactment) to file a lawsuit based upon a charge of age discrimination under certain conditions. Congress designed the ADCAA to revive age discrimination claims that might otherwise be barred because, although timely filed with the EEOC, the EEOC had failed to process them before the running of the two-year statute of limitations.[1]

To satisfy the first requirement of this statute, an employee must have timely filed a charge with the EEOC. 29 U.S.C. § 626(d)(1). Since none of the plaintiffs filed a charge with the EEOC within the requisite 180 days and there was insufficient evidence to support equitable tolling, there was no timely filing with the EEOC. Therefore the two-year limitations period was unaffected by the ADCAA.

AFFIRMED.

---

1. **"Sec. 3. Extension of statute of limitations.**

"Notwithstanding section 7(e) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 626(e)), a civil action may be brought under section 7 of such Act by the Commission or an aggrieved person, during the [applicable extension period] if—

"(1) with respect to the alleged unlawful practice on which the claim in such civil action is based, a charge was timely filed under such Act with the Commission after December 31, 1983,

"(2) the Commission did not, within the applicable period set forth in section 7(e) either—

"(A) eliminate such alleged unlawful practice by informal methods of conciliation, conference, and persuasion, or

"(B) notify such person, in writing, of the disposition of such charge and of the right of such person to bring a civil action on such claim,

"(3) the statute of limitations applicable under such section 7(e) to such claim ran before the date of the enactment of this Act, and

"(4) a civil action on such claim was not brought by the Commission or such person before the running of the statute of limitations."

29 U.S.C. § 626 note.