# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3895EA

_____

Raymon Bledsoe, Sr.,

      Appellant,

v.

Nucor-Yamato Steel Company,

      Appellee.

\*
\*
\*   On Appeal from the United
\*   States District Court
\*   for the Eastern District
\*   of Arkansas.
\*
\*   [Not To Be Published]
\*
\*

_____

Submitted: July 20, 2001

Filed: August 30, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and BYE, Circuit
    Judges.

_____

PER CURIAM.

Raymon Bledsoe, Sr. filed suit against Nucor-Yamato Steel Company ("Nucor")
claiming race discrimination and retaliation under Title VII of the Civil Rights Act of
1964, 42 U.S.C. §§ 2000e through 2000e-1, and defamation and outrage under
Arkansas law. The District Court[1] granted summary judgment on all of Mr. Bledsoe's
claims. He appeals, and we affirm.

_____

[1]The Hon. James M. Moody, United States District Judge for the Eastern District
of Arkansas.

## I.

On July 2, 1999, Mr. Bledsoe's employment with Nucor was terminated. He contacted the Equal Employment Opportunity Commission office in Little Rock, Arkansas. The EEOC sent him a charge information form entitled "You may file a charge." Mr. Bledsoe completed the charge information form and returned it to the Little Rock office. In September, he was contacted by the EEOC office in West Memphis, Arkansas. An EEOC agent informed Mr. Bledsoe that the EEOC would not represent him in his claim, and that he had 180 days from the date of his termination to file an administrative charge. During the following months, Mr. Bledsoe sent two letters to the Little Rock office complaining that his telephone interview with the West Memphis office was inadequate and requesting that the Little Rock office review his claim and render a decision. He did not file a charge before December 29, 1998, the day on which the 180-day time period elapsed. After receiving a right-to-sue letter, Mr. Bledsoe filed this suit against Nucor.

Mr. Bledsoe filed suit, *pro se*, in the District Court alleging race discrimination and retaliation in violation of Title VII. The Court permitted him to file an amended complaint to include state law claims of defamation and outrage. During discovery, he filed four motions for leave to file a second amended complaint, which were all denied by the Court on the basis of either undue prejudice, undue delay, lack of diligence, or futility. Near the close of discovery, he filed a motion to compel, requesting documents from Nucor pertaining to his Title VII claims. Nucor filed a motion for summary judgment. After a full hearing, the Court determined that Mr. Bledsoe's Title VII claims were barred by the 180-day statute of limitations. The Court declined to apply the doctrine of equitable tolling, holding that the delay was not due to circumstances beyond Mr. Bledsoe's control. Likewise, the Court entered summary judgment on the state law claims, holding that the complained-of behavior did not rise to the level of outrageous conduct required under Arkansas law. Similarly, the Court held that the alleged defamatory statements were either time-barred, privileged, or not actionable.

Consequently, the Court held that the motion to compel was moot. This appeal followed.

## II.

We review a district court's grant of summary judgment de novo. Hawkeye Nat'l Life Ins. Co. v. AVIS Indus. Corp., 122 F.3d 490, 496 (8th Cir. 1997). We consider "all facts in the light most favorable to the non-moving party and give to the non-moving party the benefit of all reasonable inferences that can be drawn from the facts." Donaho v. FMC Corp., 74 F.3d 894, 897-98 (8th Cir. 1996) (citation omitted). Summary judgment is proper "where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Gundacker v. Unisys Corp., 151 F.3d 842, 846 (8th Cir. 1998).

Mr. Bledsoe argues that the Court erred in failing to apply the doctrine of equitable tolling because the EEOC engaged in "positive misconduct" by improperly transferring his claim to the West Memphis office, conducting only a ten-minute telephone interview, not promptly responding to his letters, and initially mailing the right-to-sue letter to an incorrect address. See DeBrunner v. Midway Equip. Co., 803 F.2d 950, 952 (8th Cir. 1986) (holding "[e]quitable tolling arises upon some positive misconduct by the party against whom it is asserted"). Thus he argues, the ability to file a timely charge was out of his hands. We disagree.

Title VII requires a claimant to file an administrative charge with the EEOC within 180 days of the alleged discriminatory conduct. 42 U.S.C. § 2000e-5(1). It is undisputed that Mr. Bledsoe did not file a timely claim. "The filing of a timely charge with the EEOC is 'a requirement that, like a statute of limitations, is subject to . . . equitable tolling.'" Shempert v. Harwick, 151 F.3d 793, 797 (8th Cir. 1998), cert. denied, 525 U.S. 1139 (1999) (citation omitted). However, the doctrine of equitable tolling is a limited one "reserved for circumstances that are truly beyond the control of

the plaintiff."  Shempert, 151 F.3d at 798 (internal quotations and citation omitted). The application of the doctrine is appropriate where:  "(1) a claimant has received inadequate notice; (2) a motion for appointment of counsel is pending; (3) the court has led the plaintiff to believe that he or she has done everything required of him or her; or (4) affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." Id. (citation omitted).

None of the above circumstances is present in this case.  It is undisputed that Mr. Bledsoe understood that he had 180 days to file an administrative charge.  See DeBrunner, 803 F.2d at 952 (holding when "an employee is generally aware of his rights, ignorance of specific legal rights or failure to seek legal advice should not toll the 180-day notification period").  Although it is unfortunate that he waited to hear from the EEOC before taking further action, " '[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.' "  Shempert, 151 F.3d at 797 (citation omitted).  Further, nothing approaching affirmative misconduct occurred on the part of the EEOC.  Thus, we hold the Court did not err in granting summary judgment on Mr. Bledsoe's Title VII claims.

Moreover, after carefully reviewing the record we also disagree with Mr. Bledsoe's position that the Court erred in granting summary judgment on his state law claims of defamation and outrage.  The alleged defamatory statements (unjustified employee write-ups, a supervisor's comment in 1996 to Mr. Bledsoe's wife and family that one of his children did not favor him; a supervisor's statement to a fellow employee that he did not care if Mr. Bledsoe was having sex with the employee's wife, Mr. Bledsoe and the employee were going to get along; inquiries of Mr. Bledsoe during a deposition as to possible past drug use and possession) were either privileged, see Dillard Stores, Inc. v. Felton, 276 Ark. 304, 308, 634 S.W.2d 135, 137 (1982), beyond the statute of limitations, see Ark. Code Ann. 16-56-104 (Michie 1987) (applying one year statute of limitations to defamation suits), or not actionable.

Likewise, the conduct underlying Mr. Bledsoe's claim of outrage ((1) the supervisor's statement, "when I come after you, you will know it," (2) being forced to work on material hotter than 1200 degrees, (3) a supervisor's statement to a fellow employee that he did not care if Mr. Bledsoe was having sex with the employee's wife, Mr. Bledsoe and the employee were going to get along, and (4) subjection to a psychological interview during a promotional process) was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." M.B.M. Co. v. Counce, 268 Ark. 269, 280, 596 S.W.2d 681, 687 (1980).

As to Mr. Bledsoe's remaining assignments of error, we hold that it proper to rule the motion to compel moot once the Court had correctly disposed of all of Mr. Bledsoe's claims. Likewise, the Court did not abuse its discretion in denying Mr. Bledsoe's motions for leave to file a second amended complaint.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.