# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2264

_____

| | | |
|---|---|---|
| John Christopher Stewart, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Domtar Industries, Inc., | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |
| | * | |
| _____ | * | |
| | * | |
| Steven Hawthorne; Bryan Mangus; | * | |
| John Does, 1–10, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: March 16, 2007
Filed: March 23, 2007

_____

Before RILEY, BOWMAN, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

John Christopher Stewart (Stewart) appeals the district court's[1] entry of summary judgment in favor of Domtar Industries, Inc. (Domtar) on Stewart's claim

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101–12213.  We affirm.

On April 7, 2004, Domtar fired Stewart.  On January 10, 2005, Stewart filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging Domtar fired Stewart because of Stewart's HIV-status and alcoholism.  The EEOC dismissed Stewart's charge of discrimination as untimely because more than 180 days had passed since Domtar fired Stewart.  On April 22, 2005, Stewart filed an action in district court against Domtar alleging discrimination in violation of the ADA.  The district court granted Domtar's motion for summary judgment, finding Stewart's EEOC charge was untimely and equitable tolling was not appropriate.  The district court dismissed Stewart's case with prejudice.

We review de novo the district court's grant of a motion for summary judgment. Rodgers v. City of Des Moines, 435 F.3d 904, 907 (8th Cir. 2006).  "Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  Id. at 907-08.

As a prerequisite to filing a claim under the ADA, a plaintiff must file with the EEOC a charge of discrimination within 180 days of the alleged discriminatory act. 42 U.S.C. §§ 2000e-5(e)(1), 12117(a); Douglas v. Cal. Dep't of Youth Auth., 271 F.3d 812, 823 n.12 (9th Cir. 2001).  Stewart concedes he did not timely file a charge of discrimination with the EEOC, but argues his ignorance of the law and pro se status justify equitable tolling.  Such factors, however, fail to justify equitable tolling because Stewart was aware of his own termination and could have timely filed a charge of discrimination, and he does not allege otherwise.  Stewart also does not contend any misconduct by Domtar prevented him from filing his ADA charge.  See Coons v. Mineta, 410 F.3d 1036, 1040 (8th Cir. 2005) (noting equitable tolling "should be 'reserved for circumstances that are truly beyond the control of the plaintiff,'" such as when the plaintiff was unaware of the discriminatory act (quoting

<u>Shempert v. Harwick Chem. Corp.</u>, 151 F.3d 793, 798 (8th Cir. 1998))); <u>DeBrunner v. Midway Equip. Co.</u>, 803 F.2d 950, 952 (8th Cir. 1986) (stating "ignorance of specific legal rights or failure to seek legal advice should not toll the 180-day notification period" (quoting <u>McClinton v. Ala. By-Products Corp.</u>, 743 F.2d 1483, 1486 (11th Cir. 1984))).

Thus, we affirm, and we deny Domtar's motion for damages and costs.[2]

—————————————————————

[2]Domtar filed a motion seeking damages and costs pursuant to Federal Rule of Appellate Procedure 38, arguing Stewart's appeal is frivolous. Because Stewart's appeal result is not necessarily obvious or wholly without merit, we exercise our discretion to deny Domtar's motion. <u>See</u> <u>Misischia v. St. John's Mercy Health Sys.</u>, 457 F.3d 800, 806 (8th Cir. 2006), <u>cert. denied</u>, __ S. Ct. __, 2007 WL 506829 (U.S. Feb. 20, 2007).