[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10602

_____

D.C. Docket No. 2:12-cv-00138-RWS

RICHARD M. VILLARREAL,
on behalf of himself and all others similarly situated,

Plaintiff-Appellant,

versus

R.J. REYNOLDS TOBACCO COMPANY,
PINSTRIPE, INC.,

Defendants-Appellees,

CAREERBUILDER, LLC,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 27, 2017)

Before WILSON and MARTIN, Circuit Judges, and VINSON,[*] District Judge.

PER CURIAM:

Our panel opinion issued in this matter on November 30, 2015 was vacated and has now been reversed by this Court sitting en banc. Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 973 (11th Cir. 2016) (en banc). Because the panel opinion did not reach Richard Villarreal's argument that his disparate treatment claim was timely under the continuing-violation doctrine, this Court remanded that issue for us to consider in the first instance. Id. After careful review, and with the benefit of oral argument, we affirm the district court.

## I.

The district court dismissed Villarreal's complaint for failure to state a claim on both his disparate impact claim and his disparate treatment claim against R.J. Reynolds. Id. at 962. This Court's en banc opinion foreclosed Villarreal's disparate impact claim, as well as his argument that his disparate treatment claim was timely because he was entitled to equitable tolling. Id. at 973. But in addition to his equitable tolling argument, Villarreal argued in the alternative that his disparate treatment claim was timely under the continuing-violation doctrine. We consider that argument now.

---

[*] Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

We review de novo the district court's dismissal of a complaint for failure to state a claim, and accept the plaintiff's allegations as true, construing all facts in the light most favorable to the plaintiff. Harry v. Marchant, 291 F.3d 767, 769 (11th Cir. 2002) (en banc).

## II.

Generally, any claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., must be filed within 180 days of the alleged discriminatory act in order to bring suit. Id. § 626(d)(1); see also McClinton v. Ala. By-Products Corp., 743 F.2d 1483, 1485 (11th Cir. 1984) ("This 180-day notification requirement is a prerequisite to an action based on the ADEA . . . ."). But in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061 (2002), the Supreme Court recognized a distinction between discrete discriminatory acts that alone can constitute a cause of action and a pattern or practice of harassment that creates a hostile work environment. Id. at 114–16, 122 S. Ct. at 2072–74. Such hostile work environment claims rely on "the cumulative effect of individual acts" over time and in "contrast to discrete acts, [each] single act of harassment may not be actionable on its own." Id. at 115, 122 S. Ct. at 2073 (emphasis added). Because of the nature of hostile work environment claims, the Court held an employer may be liable for acts outside of the 180-day limitations period if (1) at least one act contributing to the claim happens within the

3

limitations period, and (2) the acts outside of the limitations period are part of the same hostile work environment claim.  See id. at 117, 122 S. Ct. at 2074.  In such a case, the plaintiff need only bring suit within 180 days of any "act contributing to the claim."  Id.

Villarreal relies on Morgan to argue R.J. Reynolds engaged in a pattern or practice of discrimination against older job applicants, and therefore the continuing-violation doctrine should make his disparate treatment claim timely.  But Villarreal's disparate treatment claim does not fall within the scope of the continuing-violation doctrine.  Morgan made clear that timeliness claims under the continuing-violation doctrine can apply only to types of discriminatory acts that "are different in kind from discrete acts"—specifically, those minor incidents that alone would not be actionable but which become actionable due to their "cumulative effect."  Id. at 115, 122 S. Ct. at 2073.  That is not so for Villarreal.  He is not challenging the cumulative effect of R.J. Reynolds's multiple refusals to hire older applicants; instead he is challenging each individual refusal-to-hire.[1]  And the Supreme Court in Morgan specifically recognized that "refusal to hire" is "easy to identify" as a discrete act.  Id. at 114, 122 S. Ct. at 2073; see also Davis v. Coca-Cola Bottling. Co. Consol., 516 F.3d 955, 970 (11th Cir. 2008) (holding that

---

[1] To the extent Villarreal argues the continuing-violation doctrine can make his claim timely because the pattern or practice of discrimination was enforced against others who could bring a timely claim, his argument is foreclosed by our precedent.  See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1222 & n.12 (11th Cir. 2001) (per curiam).

hiring decisions were "discrete acts of discrimination" that could not go forward under the continuing-violation doctrine), abrogated on other grounds by Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007).  As a result, the continuing-violation doctrine cannot make Villarreal's disparate treatment claim timely.  We therefore affirm the district court's dismissal of Villarreal's complaint.

**AFFIRMED.**