Rowland Lamar ALLEN,
Plaintiff-Appellant,

v.

Larry D. THOMPSON, United States Attorney, Janet King, Assistant United States Attorney, Defendants-Appellees.

No. 86–8204
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 4, 1987.

Nina Loree Hunt, Asst. U.S. Atty., Atlanta, Ga., for defendants-appellees.

Before HILL, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

Rowland Lamar Allen, a federal prisoner serving time for drug trafficking and tax evasion, brought this civil rights action against U.S. Attorney Larry D. Thompson and Assistant U.S. Attorney Janet King, alleging that they maliciously wrote a letter to the Bureau of Prisons and the Parole Commission, falsely advising that Allen was guilty of additional drug trafficking for which he had not been charged nor convicted. Allen alleges that, in response to this information, the Bureau of Prisons extended his date for parole eligibility and reclassified him to receive special monitoring. Allen sought injunctive and declaratory relief in addition to compensatory and punitive damages.

Thompson and King responded with a motion to dismiss or alternatively for summary judgment, claiming, *inter alia*, that their actions were performed in their capacity as prosecutors and they were therefore insulated by the doctrine of absolute immunity.[1] An affidavit from King, accompanying the motion to dismiss, indicated that she prosecuted Allen, and that she requested Assistant United States Attorney Robyn C. Mitchell to respond to the request from the Parole Commission for information. Thompson stated in an affidavit that Assistant United States Attorneys have a responsibility to provide information to the Parole Commission and this responsibility was delegated to the Assistant United States Attorney responsible for the case. He acknowledged that he did review the letter to the Commission, to keep informed about developments in the case. Finally, Assistant U.S. Attorney Mitchell stated in an affidavit that she responded to the Parole Commission's request in King's absence and at her request. Correspondence between the Parole Commission and Mitchell was submitted to the district court *in camera*. The district court granted the motion to dismiss. It held that a federal prosecutor "who submits information to the United States Parole Commission is cloaked with absolute immunity."

We agree. While this particular factual scenario has not yet been addressed by this Court, our previous decisions indicate that these activities fall within the protection afforded by *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). There the Supreme Court held that a state prosecutor, in initiating a prosecution and in presenting the State's case, is immune from a civil suit for damages under § 1983. The Court ruled that absolute immunity was available because the prosecutor's activities were "intimately associated with the judicial phase of the criminal process." *Id.* at 430, 96 S.Ct. at 995. A federal prosecutor defending a *Bivens* action is entitled to the same immunity. *See Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 2909–10, 57 L.Ed.2d 895 (1978).

This court in *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir.1984) broadly applied the principle of prosecutorial immunity to "those actions associated with initiating a prosecution and presenting the state's case." Further, in *Hughes v. Chesser*, 731 F.2d 1489 (11th Cir.1984), this court held that a probation officer is entitled to immunity when preparing and submitting a presentence report in a criminal case. We noted that "[t]he report is an integral part of the sentencing process, and in preparing the report the probation officer acts at the direction of the court."

Here the prosecutor responsible for Allen's case forwarded information about Allen to the Parole Commission at the Commission's request. This duty is assigned to the U.S. Attorney's office as part of its role in the prosecution and sentencing of federal cases. Parole decisions are the continuation of the sentencing process, and the assistant United States Attorney's reports to the Parole Commission are part of that process. While not undertaken literally at the direction of the court, these activities are so intimately associated with the judicial phase of the criminal process as to cloak the prosecutors with absolute immunity from suits for damages.

1. In their motion to dismiss the appellees also argued that Thompson could not be found vicariously liable for the acts of his employees, and

that Allen failed to exhaust his administrative remedies. Given our disposition of the case, we do not address these issues.

On appeal Allen also alleges that the district court erroneously dismissed his claims for injunctive and declaratory relief. While Allen never specified the exact nature of the injunctive relief he desired, we assume that it relates to his failure to obtain parole, given the Commission's use of allegedly false information. Because the relief sought is relief from confinement, the correct federal remedy is habeas corpus under 28 U.S.C. § 2241. *See Cruz v. Skelton*, 502 F.2d 1101 (5th Cir.1974). Thus these claims were also correctly dismissed.

AFFIRMED.